UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| JAMES WRIGHT,<br>  a/k/a/ James H. Wright,[1] | )<br>)<br>) |
|     Petitioner, | ) Civil Action No. 13-139-KKC<br>)<br>) |
| v. | )<br>) |
| J. C. HOLLAND, *Warden*, | ) **MEMORANDUM OPINION**<br>) **AND ORDER**<br>) |
|     Respondent. | ) |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

James Wright is an inmate confined in the United States Penitentiary-McCreary located in Pine Knot, Kentucky. Wright has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his bank robbery and firearms convictions. [R. 1] Wright has been granted *in forma pauperis* status in this proceeding. *See* Order, R. 6.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Wright's petition under a more lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003),

---

[1] Because Wright has been identified in numerous prior decisions, discussed *infra*, as "James H. Wright," the Clerk of the Court will be instructed to list "James H. Wright" as an alias designation for Wright.

accepts his factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the petition, the Court must deny it because Wright can not pursue his claims under 28 U.S.C. § 2241.

## BACKGROUND

On August 24, 1992, a federal jury in Atlanta, Georgia, found Wright guilty of four counts of bank robbery, in violation of 18 U.S.C. § 2113, and four counts of using a handgun during the commission of the crime, in violation of 18 U.S.C. § 924(c). *United States v. James H. Wright*, No. 91:CR-211-01-GET (N. D. Ga. 1991) [R. 48, therein] On November 4, 1992, the district court sentenced Wright to a prison term of approximately 1030 months.[2] *See* § 2241 Petition, [R. 1-2, p. 2, "**Imprisonment**"]

Wright appealed his sentence, but on October 5, 1994, the Court of Appeals affirmed his sentence. *See United States v. Wright*, 33 F.3d 1349 (11th Cir. 1994), *cert. denied*, 515 U.S. 1110, 115 S. Ct. 2262 (1995). The Court of Appeals held that the district court properly ordered Wright's four § 924(c) firearm sentences to run consecutively to his four bank robbery sentences, and that it also did not err by ordering the sentences imposed in 91-CR-211 to run consecutively

---

[2] The district court imposed a guideline sentence of seventy (70) months imprisonment for the bank robbery convictions (Counts 1, 5, 7, and 9), to run concurrently with a prior 55-month prison sentence on a separate bank robbery and firearm conviction, which the district court referred to only as "the Augusta sentence." Wright was also sentenced to four separate terms of twenty years imprisonment for each of the four § 924(c) firearms convictions (Counts 2, 6, 8, and 10), to run consecutively to each other **and** to the 70- month sentence on the underlying bank robbery offenses. Thus, Wright was sentenced to a total prison term of 1030 months, or approximately 86 years.
   Wright's actual or projected release date is September 10, 2069. *See* http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=james&Middle=&LastName=wright&Race=U&Sex=U&Age=&x=113&y=29 (last visited on December 5, 2013).

to a prior § 924(c) sentence Wright received as a result of an earlier conviction (the "Augusta" sentence). *Id*. at 1350-51.

Wright previously filed two motions seeking to vacate, correct, or amend his sentence pursuant to 28 U.S.C. § 2255. He filed his first § 2255 motion on August 17, 1998 [R. 63, therein], but the district court denied it on January 12, 1999. [R. 66, therein] Wright appealed, but the Eleventh Circuit Court of Appeals determined that the § 2255 motion was barred by the applicable statute of limitations. [R. 80, therein]. On June 5, 2003, Wright filed a second § 2255 motion [R. 81, therein], but on October 31, 2003, the district court dismissed it as untimely. [R. 83, therein] Wright appealed, but the Court of Appeals determined that his "petition is plainly time-barred" and that Wright "had not shown good cause for the default." [R. 98, therein] The Court of Appeals therefore denied Wright a certificate of appealability.

On March 15, 2013, Wright filed a motion seeking permission to file a third § 2255 motion, arguing that two Supreme Court cases, *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), provided grounds for filing a successive petition under § 2255. [R. 117, therein] Wright alternatively sought relief under 28 U.S.C. § 2241. [*Id*.] On April 29, 2013, the district court denied Wright's motion because he had not obtained the Court of Appeals' permission to file a successive § 2255 motion, but it provided Wright with the appropriate forms for seeking the Court of Appeals' permission to do so. [R. 118, therein]

In June 2013, the Eleventh Circuit denied Wright's application to file a successive § 2255 motion, stating that neither *Frye* nor *Lafler* qualified as new rules of constitutional law within 28 U.S.C.] § 2255(h)(2) "...because they merely involved the application of the Sixth

3

Amendment right to counsel, as defined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984), to a specific factual context, and can not support an application to file a successive motion to vacate. *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012)." [R. 119, therein, *see also In Re*: *James Wright*, No. 13-12311-F (11th Cir. June 6, 2013)]

Wright also filed a prior habeas petition seeking relief from his sentence under 28 U.S.C. § 2241. *James H. Wright v. Michael Bowers*, No. 1:96-CV-0493-JEC (N. D. Ga. 1996) Because the activity in this action predated electronic filing, the Court can not electronically review the documents filed in that proceeding through PACER, but the docket sheet reveals that on August 19, 1996, the district court dismissed Wright's § 2241 petition. *See* Order, [R. 24, therein] Wright appealed that dismissal; the district court denied him pauper status on appeal; and both the district court and the Court of Appeals declined to issue a certificate of probable cause. [R. 28 and 29, therein]

**CLAIMS ASSERTED IN § 2241 PETITION**

Wright challenges his four consecutive 20-year prison terms imposed as a result of the four § 924(c) firearm convictions.[3] He contends that because the district court had already sentenced him on the four bank robbery counts under § 2113, the imposition of the four consecutive 20-year sentences under § 924(c) subjected him to double jeopardy and violated his right to due process of law guaranteed by the Fifth Amendment of the U.S. Constitution.

Wright also alleges that because the sentence imposed in 91-CR-211 on November 4, 1992, was ordered to run consecutive to a prior sentence imposed for a separate bank robbery

---

[3] Wright listed three separate "Grounds" for relief [R. 1, pp. 9, 15, and 21], but all three of the grounds he listed contained identical wording.

in another case, his current 1030-month sentence violates both his Fifth Amendment right to due process of law, and his Sixth Amendment right to have a jury determine all of the factual predicates of the charged offenses. In support of his argument, Wright relies on a recent decision of the United States Supreme Court: *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id*. at 2155

## DISCUSSION

Wright is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Wright challenges the constitutionality of his underlying federal conviction on Fifth and Sixth Amendment grounds. But § 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief from an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 4:10-CV-36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance in which a petitioner may use this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute the petitioner was

convicted of violating in such a way that his actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or where he did assert his claim in a prior post-conviction motion under § 2255, but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002); *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002) As explained below, Wright's remedy under § 2255 remedy was not inadequate and ineffective to challenge his federal detention.

First, in his § 2241 petition, Wright challenges not only the imposition of his four consecutive § 924(c) firearm sentences, but also the fact that the district court ordered his bank robbery and firearm sentences to run consecutively to another bank robbery/firearm sentence imposed in a prior federal criminal proceeding in Augusta, Georgia. As discussed, however, Wright raised the same two challenges to his sentence on direct appeal, and the Eleventh Circuit rejected both claims and affirmed his sentence. *Wright*, 33 F. 3d at 1350-51[4] A federal court in

---

[4] On direct appeal, the Eleventh Circuit stated:

Wright also claims that the district court erred by ordering his seventy (70) month sentence for the underlying bank robberies in this case to run consecutively to a prior section 924(c) sentence received for an earlier conviction. He relies on *United States v. Jones*, 986 F.2d 42 (3d Cir. 1993), in support of his argument. The *Jones* court stated that section 924(c) only limited the power of the court that originally imposed the section 924(c) sentence and that it had no application to a later sentence imposed by a different court. *Id*. at 43. We cannot agree with this interpretation. For section 924(c) we think Congress's command to the United States courts (state courts are not addressed by the

a post-conviction proceeding can rely on the factual conclusions made by an appellate court in the same case. *Smith v. Snyder*, 22 F. App'x 552, 553 (6th Cir. 2001); *Myers v. United States*, 198 F.3d 615, 619 (6th Cir. 1999).

Second, Wright had one year from the date on which his conviction became final to seek relief in the district under § 2255, but because he waited too long to file his first § 2255 motion, the district court properly rejected it as untimely. The fact that Wright's § 2255 motions were time-barred, and the fact that the appellate court thereafter denied him relief, does not entitle him to relief under § 2241. As discussed, the remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner raised a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *Charles*, 180 F.3d at 756-58. Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Id*., at 758. Thus, to the extent that Wright continues to challenge the consecutive aspects of his 1030-month sentence, he can not establish that his remedy under § 2255 was an inadequate means of challenging his federal detention.

Alternatively, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). An actual innocence claim can

---

section) is plain and continuing. Because the plain language of the statute requires consecutive sentences, the district court is **AFFIRMED**.

*Id*.

arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *Prevatte*, 300 F.3d at 800-801; *Eiland v. Rios*, No. 7:07-CV-83-GFVT (E.D. Ky. May 3, 2007), *aff'd*, No. 07-5735 (6th Cir. Nov. 28, 2007) (same). Actual innocence requires factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998).

To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137(1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001). Wright contends that *Alleyne* establishes a constitutional right to have all elements of the offense charged in the indictment and proven beyond a reasonable doubt to the jury; is a new rule of law which applies retroactively; and affords him relief from his sentence.

However, there is no indication in *Alleyne* that the Supreme Court made its holding retroactive to cases on collateral review. This Court has determined that with respect to a motion filed under § 2255 seeking relief from a sentence, *Alleyne* does not apply retroactively. *See United States v. Potter*, No. 7:03-21-DCR, No. 7:13-7290-DCR, 2013 WL 3967960, at *3 (E. D. Ky. July 31, 2013) (concluding that "the rule announced in *Alleyne* does not qualify as a

8

watershed rule of criminal procedure" and noting that "[a] number of other district courts considering the matter have reached a similar conclusion"). This Court has also concluded that *Alleyne* does not afford retroactive relief to a petitioner seeking relief under § 2241. *See Luney v. Quintana*, No. 6:13-CV-3-DCR, 2013 WL 3779172, at *3 (E.D. Ky. July 18, 2013).

At least three other district courts in this circuit have similarly determined that *Alleyne* does not apply retroactively to cases on collateral review. *See Mingo v. United States*, No. 1:03-CR-203–05; No. 1:13-CV-787, 2013 WL 4499249, at *2 (W.D. Mich., Aug. 19, 2013) (denying § 2255 motion because "The holding in *Alleyne* does not qualify as a new 'watershed rule.'"); *United States v. Eziolisa*, No. 3:10-CR-039, No. 3:13-CV-236, 2013 WL 3812087, at *3 (S.D. Ohio, July 22, 2013) (holding that because *Alleyne* neither places any primary conduct beyond the power of the United States to punish, nor adopts a "watershed" rule, it does not apply retroactively to a motion for relief from sentence filed under § 2255); *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139, at *4 (N.D. Ohio July 3, 2013) (holding that *Alleyne* did not provide relief under § 2241 because "*Alleyne* is not such an intervening change in the law and does not decriminalize the acts which form the basis of Petitioner's conviction.") Based on this authority, the Court is unable to conclude that *Alleyne* affords Wright any retroactive relief.

Moreover, Wright does not allege that he is actually innocent of either the underlying bank robbery offenses or the firearm offenses of which he was convicted. Instead, based on the rule announced in *Alleyne*, Wright contends that (1) the indictment failed to mention his prior bank robbery sentence which impacted the sentence imposed on November 4, 1992, in 91-CR-211, and (2) the district erred by running his four § 924(c) firearm sentences consecutively to his four

§ 2113 bank robbery sentences. The savings clause, however, may only be applied when the petitioner makes a claim of actual innocence. *Alleyne* is a sentencing-error case, and claims of sentencing error may not serve as the basis for an actual innocence claim under *Martin*. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (2003). Federal courts in this and other circuits have consistently held that a challenge to a sentence, as opposed to a conviction, is not a claim of "actual innocence" which may be pursued under § 2241. *Hayes*, 473 F. App'x at 502 ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims.").

Simply put, the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence as to their underlying convictions, not their sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *Peterman*, 249 F.3d at 462; *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause); *Thornton v. Ives*, No. 6:11-CV-35-GFVT, 2011 WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd*, No. 12-5051 (6th Cir. Sept. 11, 2012) (same).

In summary, because Wright has not established either that his remedy under § 2255 was inadequate or ineffective to challenge his detention or a claim of actual innocence based on the *Alleyne* decision, he is not entitled to proceed under § 2241. The Court will deny his habeas petition and dismiss this proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1)     The Clerk of the Court shall list "James H. Wright" as an alias designation for Petitioner James Wright;

(2)     Wright's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**;

(3)     The Court will enter an appropriate judgment; and

(4)     This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This December 10, 2013.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY